UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CASE NO.:

| | |
|---|---|
| **ANGELIA MILLER,** on behalf of herself and all others similarly situated individuals,<br><br>**Plaintiff,**<br>v.<br><br>**FORSTER & GARBUS LLP, MARK A. GARBUS, and RONALD FORSTER,**<br>**Defendants.** | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for her complaint against the Defendantss Forster & Garbus, LLP ("F&G"), Mark A. Garbus ("Garbus") and Ronald Forster ("Forster") (hereinafter collectively "Defendants") alleges as follows:

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff brings this action on all causes of action on behalf of herself and the members of a class pursuant to Federal Rule of Civil Procedure 23.

## II. JURISDICTION

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2).

## III. ALLEGATIONS AS TO PARTIES

4. Plaintiff, Angelia Miller, ("Miller") is a natural person residing in the State of New York.

5. Miller is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

1

6. Upon information and belief Defendants Forster & Garbus, LLP and is a professional service limited liability partnership that did transact, and does now presently transact business in the State of New York.

7. Defendants Forster is authorized to conduct business in the State of New York through its professional business address of 60 Vanderbilt Motor Parkway, Commack, NY 11725.

8. Upon information and belief, Defendants Forster regularly attempts to collect consumer debts alleged to be due to another.

9. Upon information and belief Defendants Forster is a debt collector as defined pursuant to FDCPA 15 U.S.C. § 1692a(6).

10. Mark A. Garbus ("Garbus") is an "individual", an attorney and a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, an individual with a principal place of business located at "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Garbus therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Garbus is a debt collector as defined by 15 USC 1692b (6) and Garbus is accordingly liable for the acts of Defendant Forster & Garbus, LLP.

11. Ronald Forster ("Forster") is an "individual", an attorney and a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, an individual with a principal place of business located at "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Forster therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business

the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Forster is a debt collector as defined by 15 USC 1692b (6) and Forster is accordingly liable for the acts of Defendant Forster & Garbus, LLP.

12. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

13. Defendants are subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff adopts and realleges the foregoing as fully restated herein.

15. On December 8, 2015, Defendants on behalf of National Collegiate Master Student Loan Trust-I and National Collegiate Student Loan Trust 2003-1 [hereinafter collectively "National Collegiate"] filed three Summons and Complaints annexed as Exhibit A, B and C respectively in the Supreme Court of the State of New York, County of Queens.

16. The aforementioned Summons and Complaint names "Angelia Miller" and "Jannie Moore" as Defendants.

17. Defendants filed the aforementioned Summons and Complaint in an attempt to collect a debt from Plaintiff. allegedly related to a student loan taken out by Plaintiff

18. Plaintiff Miller intended to use the proceeds of the loan for expenses related to her attendance at college.

## VI. ALLEGATIONS OF LAW

19. Defendants violated the FDCPA. Defendants' violations include, but are not limited to the following: d, e, and f.

    i. Defendants violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

    ii. Defendants violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

    iii. Defendants violated 15 U.S.C. § 1692e(10) by utilizing false representation or deceptive means to collect a debt;

    iv. Defendants violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to attempt to collect an unfair alleged debt;

## VII. CLASS ALLEGATIONS

20. The causes of action are brought on behalf of Plaintiff and the members of a class.

21. The class consists of all persons within the New York State whom Defendants or its agents initiated civil cases on behalf of National Collegiate Master Student Loan Trust-I and National Collegiate Student Loan Trust 2003-1 against the consumers within the five years prior to the filling of the Complaint.

22. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

23. Plaintiff and members of the Class were further harmed by the acts of Defendants in at least the following ways: Defendants brought lawsuits against consumers on behalf of National Collegiate Master Student Loan Trust-I and National Collegiate Student Loan Trust 2003-1 in violation of the Fair Debt Collection Practices Act.

24. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

25. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants records or its agents' records.

26. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following: (a) whether, within the five years prior to the filing of this Complaint, Defendants or their agents initiated civil cases on behalf of National Collegiate Master Student Loan Trust-I and National Collegiate Student Loan Trust 2003-1 against the Plaintiff or class members, (b) whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and (d) whether Defendants and their respective agents should be enjoined from engaging in such conduct in the future.

27. Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

28. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Debt Collection Practices Act.

30. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal and state law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

31. Defendants has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

32. Plaintiffs repeat and re-allege the allegations in paragraphs 1-31 of this Complaint.

33. National Collegiate is not authorized to do business in New York.

34. National Collegiate does business in New York by virtue of the number of lawsuits it brings throughout New York, the volume of its debt collection activities throughout New York, the number of loans owned by it in which the debtor lives or resides in New York, and its use of attorneys and debt collectors located throughout New York to file the lawsuits and attempt to collect the debt.

35. Since National Collegiate is not authorized to do business in New York but does business in New York, National Collegiate had no legal right to be the plaintiff in the Debt Collection Action and Defendants had no legal right to file the aforementioned Summons and Complaint on behalf of National Collegiate.

36. Based on the allegations in this cause of action, Defendants violated 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5),15 USC 1692f , and/or 15 USC 1692f(1).

## SECOND CAUSE OF ACTION

37. Plaintiff repeat and re-allege the allegations in paragraphs 1-36 of this Complaint.

38. Per the aforementioned Summons and Complaints, the student loan debt was assigned from to National Collegiate Funding, LLC and then from National Collegiate Funding, LLC to National Collegiate.

39. Upon information and belief, there exists no documentation showing that each assignor of the student loan debt notified one or both Plaintiffs of the assignment; and therefore National Collegiate has no legal right to attempt to collect the student loan debt via the

aforementioned Summons and Complaints.

40. Based on the allegations in this cause of action, Defendants violated 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5),15 USC 1692f , and/or 15 USC 1692f(1).

## THIRD CAUSE OF ACTION

41. Plaintiffs repeat and re-allege the allegations in paragraphs 1-40 of this Complaint.

42. Upon information and belief, there exists no documentation showing that Plaintiff received any loan proceeds from the original lender and therefore National Collegiate has no legal right to attempt to collect the student loan debt.

43. Based on the allegations in this cause of action, Defendants violated 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5),15 USC 1692f , and/or 15 USC 1692f(1).

## FOURTH CAUSE OF ACTION

44. Plaintiffs repeat and re-allege the allegations in paragraphs 1-43 of this Complaint.

45. Upon information and belief, National Collegiate did not accelerate the student loan debt prior to the filing of the aforementioned Summons and Complaint; and therefore National Collegiate has no legal right to attempt to collect the student loan debt via the aforementioned Summons and Complaints.

46. Based on the allegations in this cause of action, Defendants violated 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(5),15 USC 1692f , and/or 15 USC 1692f(1).

**FIFTH CAUSE OF ACTION**

47. Plaintiffs repeat and re-allege the allegations in paragraphs 1-46 of this Complaint.
48. As a result of all of the above, Defendants failed to conduct a meaningful review prior to filing and/or serving the aforementioned Summons and Complaints and the signature of an attorney on the aforementioned Summons and Complaints constitute a false representation or implication that Complaints are from an attorney.
49. Based on the allegations in this cause of action, Defendants violated 15 USC 1692e, 15 USC 1692e(3),15 USC 1692f , and/or 15 USC 1692f(1).

**SIXTH CAUSE OF ACTION**

50. Plaintiffs repeat and re-allege the allegations in paragraphs 1-49 of this Complaint.
51. National Collegiate retains attorneys to attempt to collect debts from New York consumers by filing lawsuits in New York against New York consumers; but for the reasons set forth in the prior causes of action, National Collegiate has no legal right to maintain an action in a New York state court and has no legal right to obtain a judgment even assuming it had a legal right to maintain an action in a New York state court.
52. Prior to the aforementioned filing of the aforementioned lawsuits, National Collegiate provides to the attorneys retained to file these lawsuits nothing but a charge-off date to determine the statute of limitations accrual date. It does not provide information as to whether there ever was a payment made by the consumer, the date of the last payment made by the consumer, the date on which the consumer ceased attending school on at least a half-time basis, the existence and nature of any agreement by the consumer regarding the forbearance of payments, the number of assignor's in the chain of title, and/or each assignor's notification

to the consumer of the assignment.

53. In addition to the above, National Collegiate retains attorneys to file the aforementioned lawsuits without providing the aforementioned information, knowing that the consumer never made a payment, knowing that the consumer did not execute any agreement regarding the forbearance of payments, knowing that any agreement regarding the forbearance of payments did not toll the statute of limitations, knowing that the statute of limitations to file a lawsuit in New York for all or part of the debt had expired, and/or knowing that each assignor of the debt did not notify the consumer of the assignment.

54. National Collegiate directs Defendants prior to filing a lawsuit to rely on the charge-off date to determine the statute of limitations accrual date; and/or Defendants prior to filing a lawsuit purposefully relies on nothing but a charge-off date to determine the statute of limitations accrual date.

55. Defendants prior to filing a lawsuit know that the consumer never made a payment or does not try to ascertain whether the consumer ever made a payment, knows that the consumer never executed any agreement regarding the forbearance of payments or does not try to ascertain whether the consumer ever executed any agreement regarding the forbearance of payments, knows that the agreement regarding the forbearance of payments did not toll the statute of limitations or does not try to ascertain whether the agreement regarding the forbearance of payments tolled the statute of limitations, knows that the statute of limitations to file a lawsuit in New York had expired as regards all or part of the debt or does not try to ascertain whether the statute of limitations to file a lawsuit in New York had expired for any portion of the debt, does not try to ascertain the number of assignor's in the chain of title, and/or knows that each assignor of the debt did not notify the consumer of the assignment or

does not try to ascertain whether each assignor of the debt notified the consumer of the assignment.

56. A consumer would receive a lawsuit indicating, from the name of the plaintiff, that it related to a student loan debt. The consumer knew they owed money on a student loan. The lawsuit would represent that the plaintiff was authorized to bring this lawsuit and/or a consumer would not understand that the plaintiff is not authorized to bring this lawsuit. A consumer would not ever realize or understand that the plaintiff is not the first assignee of the original creditor or that the law requires each assignor to notify the consumer of the assignment as a prerequisite to a plaintiff obtaining a judgment. The statute of limitations to bring this lawsuit as to all or a portion of the debt would have expired prior to the bringing of this lawsuit making it illegal to bring the lawsuit or requiring the lawsuit to be dismissed as to at least a portion of the alleged debt and therefore eliminating the ability of the plaintiff to collect all or a portion of the debt via this lawsuit. Based on the method for calculating the statute of limitations and the knowledge required to determine the applicable statute of limitations as well as whether the statute of limitations had expired as to all or a portion of the debt, a consumer would have no ability to ascertain that the statute of limitations had expired as to all or a portion of the debt or to ascertain that the statute of limitations could have expired as to only a portion of the debt.

57. As a result of the above, the consumer incorrectly would believe that they had an obligation to pay or all a portion of the debt or have a judgment against them.

58. As a result of the above, the aforementioned actions and omissions were deceptive or misleading.

59. The above actions and omissions are consumer oriented for the following reasons:

      a. They were directed at Plaintiff;

      b. Plaintiffs are consumers; and

      c. The conduct at issue against Plaintiff, consumers, affected or had the potential to affect similarly situated consumers; and

      d. Defendants regularly attempt to collect student loans and other consumer debts from hundreds or thousands of consumers. Upon information and belief, the same or similar actions, misrepresentations, omissions, and violations of the FDCPA were directed at numerous numbers of these consumers.

60. Plaintiffs suffered injuries as a result of the deceptive or misleading acts or omissions including but not limited to the aforementioned violations of their rights under the FDCPA, the cost of retaining an attorney to defend them, and the emotional distress of being sued without any legal basis.

61. In light of the facts set forth above, each of the actions, misrepresentations, omissions, and violations of the FDCPA set forth above constitute a violation of General Business Law 349 by Defendants.

## SEVENTH CAUSE OF ACTION

62. Plaintiff adopts and realleges the foregoing as fully stated herein.

63. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

64. GBL § 349 provides in relevant part as follows:

    a. *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

    And;

> h. *In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.*

65. It is the regular business practice of Defendants to harass consumers in an abusive manner by commencing Civil Court actions in locations where the consumers do not reside or sign agreements which creates the alleged debts as a means to pressure the alleged debtor.

66. Defendants engaged in such deceptive practices aimed at other consumers.

67. Defendants' actions have a broad impact on consumers at large.

68. By unlawfully harassing Plaintiff, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

69. By unlawfully seeking to collect a debt from Plaintiff, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress.

70. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of New York GBL § 349, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

71. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, by engaging in behavior which is harassing or abusing to Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

**PRAYER FOR RELIEF**

Plaintiff, Angelia Miller prays that this Court:

a. Grant an order certifying the proposed class herein under Federal Rule 23 and appointing Plaintiff and his undersigned counsel of record to represent same;

b. Create a common fund available to provide notice of and remedy Defendants' violations;

c. Declare that Defendants violated the FDCPA;

d. Declare that Defendants violated NY GBL;

e. for an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against the Defendants for Plaintiff;

f. Enter judgment in favor of Plaintiff and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

g. Enter judgment enjoining Defendants from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

h. Grant such further relief as deemed just.

## **JURY DEMAND**

Plaintiff, Angelia demands trial by jury.

Respectfully submitted,

Dated: January 31, 2018

*[signature]*

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**
Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**